IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PEREZ ERASMO FAUSTINO,

    Petitioner,

vs.                                   Case No. 4:13cv390-WS/CAS

STATE OF FLORIDA, LEE COUNTY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On July 5, 2013, Petitioner submitted a pro se petition for writ of habeas corpus pursuant to § 2241, doc. 1, and a motion seeking leave to proceed in forma pauperis, doc. 2. The in forma pauperis motion has been granted in a separate Order entered this day.

Petitioner indicates that he is currently housed at Krome Service Processing Center in Miami, Florida. Doc. 1. Thus, this Court does not have jurisdiction over Petitioner and this case cannot proceed in this Court. Although Petitioner is currently detained at the Krome Service Processing Center in Miami, Florida, and pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), this case would usually be transferred to the Southern District of Florida. Generally, when a

"§ 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. Here, however, Petitioner named the State of Florida as Respondent and it appears that Petitioner seeks to vacate a state court conviction from the Lee County, Florida on the basis that counsel was ineffective for failing to advise Petitioner of the immigration consequences of entering a guilty plea. Doc. 1. Petitioner indicates he was sentenced on August 18, 2003. *Id.* at 1, 2. Accordingly, it appears that Petitioner's case is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration consequences of pleading guilty and holding that Strickland[1] applies to such claims. However, the Supreme Court recently held in Chaidez v. United States, 568 U.S. ———, 133 S.Ct. 1103 (Feb. 20, 2013), that Padilla established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at ———, 133 S.Ct. at 1113; *see also* United States v. Garcia, 2013 WL 1799861 at *1 (11th Cir. Apr. 30, 2013); Aguila v. United States, 2013 WL 1316472 at *1 (11th Cir. Apr. 3, 2013). Because Petitioner's conviction became final approximately ten years before Padilla, this case lacks merit and should be dismissed. Petitioner may not challenge his conviction in this § 2241 proceeding and there is no

---

[1] In Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

need to transfer this case to the Southern District of Florida where Petitioner is currently confined.

In light of the foregoing, it is respectfully **RECOMMENDED** that this § 2241 petition filed by PEREZ ERASMO FAUSTINO be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 9, 2013.


    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**